**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIXTO J. OLIVERA,**

       **Plaintiff,**

v.                                              **Case No: 6:12-cv-304-Orl-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Sixto J. Olivera (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant maintains that the final decision of the Commissioner should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by failing to: 1) properly analyze the evidence regarding Claimant's mental impairments and resulting limitations; 2) demonstrate good cause for giving little weight to the opinions of Claimant's treating psychologist, Dr. Jose G. Vega; and 3) fully and fairly develop the record by recontacting Dr. Vega and/or ordering an additional consultative psychological evaluation of Claimant. Doc. No. 18 at 6-17. For the reasons set forth below, the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**I.     BACKGROUND.**

Claimant was born on June 10, 1965, and completed special education cases through the third grade. R. 49-50. Claimant does not have general education diploma and cannot read or write. R. 50. Claimant's prior employment history includes working as a cleaner in a jewelry factory from 1985-1987, a baker from 2000-2001, and as a machine operator from 1987-2001. R. 154-58. On April 9, 2008, Claimant filed an application for benefits alleging an onset of disability as of August 31, 2001. R. 126-32.[1] Claimant alleges disability due to a learning disability, depression, back problems, and pain. R. 80, 83, 147.

On January 22, 2010, a hearing was held before ALJ Betty Roberts Barbeito. R. 38-77. Although a vocational expert was present during the hearing, Claimant was the only person to testify. R. 38-77. On April 29, 2010, the ALJ issued a decision finding Claimant not disabled from August 31, 2001, through the date of the decision. R. 25. At step-two of the sequential evaluation process, the ALJ found that Claimant has "the following severe impairments: lumber degenerative disc disease (DDD), insomnia, depression, and anxiety." R. 27. However, the ALJ states in the next sentence that "claimant's medically determinable mental impairments of <u>depression and anxiety</u>, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and <u>are</u> therefore <u>nonsevere</u>." R. 27 (emphasis added).

In determining the Claimant's residual functional capacity (the "RFC"), the ALJ provides the following summary of the medical evidence relating to Claimant's mental impairments:

> The claimant alleged depression and anxiety. The medical records show that on February 21, 2008, Dr. Steven D. Martin, a treating physician, saw the claimant for complaints of significant degree of depression. The diagnoses were major depression, recurrent,

---

[1] In the ALJ's decision, she mistakenly states that Claimant filed his applications for benefits on March 26, 2008. R. 25.

severe; report of mild mental retardation versus borderline intellectual functioning; and report of learning disorder, not otherwise specified.[2]

On March 17, 2008, the claimant presented himself to the emergency room for complaints of headache, difficulty sleeping, inability to stay focused, and racing thoughts upon awakening secondary to depression. The impression was depressive disorder.

In a medical report dated April 29, 2008, Dr. Jose G. Vega, a one-time treating psychologist, reported that the claimant presented with significant degree of depression. The claimant had poor recall of information. He had poor attention and concentration. The impressions were major depression, recurrent, severe; possible learning disorder NOS; and possible mild mental retardation versus borderline intellectual functioning.[3]

On May 22, 2008, Dr. Brett Valette, a consulting psychologist, saw the claimant for complaints of depression and learning problems. The claimant related that he was illiterate, unable to read or write. He sat on the edge of the couch and rocked. He answered hardly anything. He related having back problems but did not remember when or how it happened. He did not remember how far he went in school, or what job he did or when or how long ago. He just sat with his head down looking at the floor. He did not do anything all

---

[2] Dr. Martin is a board certified psychiatrist and his diagnoses did not state that there was a "report" of mental retardation, but rather they stated "[rule out] mental retardation versus borderline intellectual functioning," and "[rule out] learning disability." R. 304, 330.

[3] Dr. Vega treated Claimant on February 21, 2008, and his mental status examination reveal the following:

> [Claimant] was oriented only to person, not to place or time. He thought he was in Denver, Colorado. However, he was informed that he was in Pueblo, Colorado. He did not know the current date. He provided a wrong date of birth. He had difficulty performing serial 7's or performing any simple arithmetical tasks. He did evidence poor attention and concentration. He denied any evidence of psychotic symptomatology. However, his depression is noted to be of such severity that his condition may escalate [or] deteriorate into a psychotic state. He is in need of psychiatric treatment. He denied any history of substance abuse. He denied any legal difficulties. He would seem to have difficulty meeting demands of competitive employment. In his present state he does seem to be severely depressed. There are a number of other conditions that would need to be ruled out and differentiated. Specifically, there is a need to rule out mild mental retardation versus borderline intellectual functioning. A well as ruling out learning disorder, NOS. However, as a result of this evaluation, the following DSM-IV diagnostic impression is being provided: major depression, recurrent, severe. . . .

R. 264. Dr. Vega, along with Dr. Martin, also signed forms dated February 21, 2008, and January 26, 2009, stating that based on Claimant's major depression, recurrent, severe, he is totally and permanently disabled. R. 302-04.

> day. He would not tell if he ate or not. He did not know if he lived in a house, apartment, or mobile home. He did not know if he laundered, went to the grocery store, watched television, or cooked. He did not watch television and had no friends. He was unable to handle his money and bills. He had never driven a car. He did not know his back pain medication nor his physician. . . .
>
> Upon mental status examination, Dr. Valette reported that the claimant did not cooperate at all, sitting with his head down. All the testing was not valid. Dr. Valette was highly suspicious of symptoms of exaggeration. The claimant's affect was flat. He was non-spontaneous. The claimant reported sleeping only four hours, but did not appear sleep deprived. He reported thinking of suicide all the time; however, he would not tell anything else about any of the problems he had. After the testing and evaluation, the claimant was observed talking, laughing, joking, and interacting and holding a full conversation with a friend outside the building. Upon seeing that he was being observed, the claimant dropped his head and turned around and walked away. Dr. Valette opined that the claimant could manage his own financial affairs. The doctor concluded that the claimant had not put any effort into the evaluation and was exaggerating his symptoms.

R. 29-30. Thus, the ALJ notes that Dr. Martin, Claimant's treating psychiatrist, diagnosed him with major depression, recurrent, severe; emergency room physicians also diagnosed Claimant with depressive disorder; Claimant's treating psychologist diagnosed him with major depression, recurrent, severe; and that Dr. Valette, a consultative examining psychologist found Claimant's allegations highly suspicious, but that the results of objective testing were not valid do to Claimant's poor effort. R. 29-30. The ALJ also notes that treatment records from April of 2008 show that Claimant was assessed with depression and anxiety, and that a consultative examining physician assessed Claimant with major depression on February 22, 2010. R. 30-31.

After summarizing the medical record, the ALJ states the following:

> The claimant testified to mental problems as part of his disability; however, there is no medical evidence that demonstrates a severe impairment in this case. Specifically, the claimant has never been referred to or received any psychiatric or psychological treatment, has never been prescribed any psychotropic medications by a psychiatrist or psychologist, or ever experienced any medically

> documented difficulties with activities of daily living, social functioning, concentration and task persistence, and adaptation to work or work-like situation.

R. 30. Thus, after detailing evidence of psychological and psychiatric treatment and the opinion evidence, the ALJ rejects Claimant's allegations of mental impairments because: 1) there is "no evidence that demonstrates a severe impairment"; 2) Claimant has "never . . . received any psychiatric or psychological treatment" or medications; and 3) there is no "medically documented difficulties" stemming from a mental impairment. R. 30.[4] In short, the ALJ finds Claimant not disabled, based in large part on the ALJ's rejection of any mental impairment or limitations arising therefrom. R. 25-33

## II.   LEGAL STANDARDS.

### A. ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual

---

[4] The Court notes that Claimant is prescribed Trazodone, Buspirone, Sertaline, Lovastatin, and Hydrochlorothiazide. According to the *Physician's Desk Reference*, 67th Ed. (2012), Trazodone, Buspirone, and Sertaline are primarily used to treat major depression and anxiety. *Id*.

>functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

### C. REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's

decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[5]

### III.   ANALYSIS

It is only in rare circumstances that a remand is clearly required based upon the face of an ALJ's decision.[6] Nevertheless, this is such a case. As outlined above, the ALJ's decision is facially inconsistent and contains misstatements of fact with respect to the mental impairment evidence and the ALJ's findings related thereto. For example, the ALJ finds Claimant's depression and anxiety to be severe impairments at step-two, and also finds them to be non-severe impairments. R. 27. In determining the Claimant's RFC, the ALJ accurately reports that Drs. Martin and Vega, Claimant's treating psychiatrist and psychologist, each diagnosed Claimant with major depression, recurrent, severe, and rule out mild mental retardation versus borderline intellectual functioning. R. 29. Drs. Martin and Vega also twice opined that Claimant is completely disabled due to his depression. R. 330-31. The ALJ further notes that emergency room records, other treatment notes, and a consultative examining physician also diagnoses Claimant with depression. R. 29-31. However, immediately thereafter, the ALJ states that there is no evidence of a severe mental impairment, <u>any</u> psychiatric or psychological treatment,

---

[5] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

[6] The fact that the undersigned rarely sees such cases is largely attributable to the fact that in such instances the Commissioner frequently agrees further administrative review should occur. Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this. Although the need for remand in this case is apparent from the face of the ALJ's decision, the undersigned did review the evidence regarding Claimant's alleged mental impairments in detail. That review revealed conflicts in the underlying evidence, as well as the ALJ's characterization of the evidence.

including prescribed medications, or "medically documented difficulties" stemming from a mental impairment.  R. 30.  Thus, the ALJ's statements regarding Claimant's mental impairments and treatment therefor are inconsistent and/or inaccurate based upon the face of the ALJ's own decision.

The Commissioner generally maintains that any errors made with respect to the ALJ's analysis of Claimant's mental impairments are harmless.  Doc. No. 18 at 8 n. 7.  While a mere misstatement of fact by an ALJ may be harmless, if the misstatements are material or integral to the ALJ's ultimate decision they are not harmless.  *See Majkut v. Comm'r of Soc. Sec.*, 394 Fed.Appx 660, 665 (11th Cir. 2010) (unpublished) (misstatement of fact "may constitute harmless error if the ALJ applies the proper legal standard."); *Washington v. Astrue*, No. 8:08-CV-1614-T-27GJK, 2009 WL 2949034 at *14 (M.D. Fla. Sept. 14, 2009) (single erroneous statement does not require remand).  *But see White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-Orl-28GJK, 2010 WL 3467413 at *15 (M.D. Fla. Aug. 3, 2010) (misstatement of fact not harmless error when it substantially affects ALJ's ultimate conclusion).  In this case, there is conflicting evidence regarding Claimant's mental impairments and resulting limitations.  When evidence is conflicting the ALJ must articulate how they resolved such conflicts and such decision must be supported by substantial evidence.  *See generally Glover v. Commissioner of Social Security*, 2012 WL 84775 at *8 (M.D. Fla. Jan. 11, 2012) (ALJ has the duty as trier of the facts to weigh and resolve any conflicts in the evidence); *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1371-72 (N.D. Ga. 2006) (ALJ has "exclusive power to resolve conflicts in the evidence," but must state reasons, supported by substantial evidence, for ALJ's conclusions).  Here, the ALJ's inconsistent and/or inaccurate statements regarding Claimant's mental health treatment and impairments are critical to the ALJ's ultimate decision and, therefore, do not constitute

harmless error. Accordingly, the Court cannot determine whether the Commissioner's final decision is supported by substantial evidence, requiring a remand for further proceedings. *Falcon*, 732 F.2d at 829-30.[7]

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on March 1, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests the Clerk
Mail or Deliver Copies of this order to:

Anthony R. Reeves, Esq.
Reeves Law Firm, P.A.
P.O. Box 580570
Kissimmee, FL 34758

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Kristin M. Rogers, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

---

[7] Because the Court cannot determine whether the final decision is supported by substantial evidence due to the ALJ's errors detailed above, this decision does not address the merits of Claimant's allegations of disability.

- 11 -

The Honorable Betty Roberts Barbeito
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suite 300
3505 Lake Lynda Dr
Orlando, FL 32817-9801

- 11 -